IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　　Defendants. | No.  2:23-CV-0056-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 8.  Plaintiff also requests a stay due to recent incarceration.  Id.

　　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances to request counsel.  Plaintiff's motion merely cites case law – it offers no insight into how he might have exceptional circumstances.  See ECF No. 8.

Plaintiff demonstrated sufficient ability to articulate claims through writing a coherent amended complaint.  See ECF No. 9.  At the current stage of the proceedings before any discovery or dispositive motions, Plaintiff has not shown any particular likelihood of success on the merits.  Consequently, Plaintiff has failed to demonstrate the existence of exceptional circumstances.

As to Plaintiff's request for a stay, the Court concludes that incarceration is not a valid basis to stay proceedings for an indefinite period of time pending Plaintiff's release.  To the extent Plaintiff's will need additional time to comply with various deadlines in this case, the Court will entertain requests for extensions of time and will grant such requests upon a showing of good cause demonstrating the need for additional time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel and stay of proceedings, ECF No. 8, is DENIED.

Dated:  December 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE