IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, also known as Raj Singh,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:23-CV-0056-DMC-P<br><br><br>ORDER |

　　　　　Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel. See ECF No. 11. Plaintiff's prior motion was denied on December 13, 2023. See ECF No. 10.

　　　　　The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

1

complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  As with the prior motion, Plaintiff's current motion does not describe exceptional circumstances.  Plaintiff has demonstrated sufficient ability to articulate his claims on his own.  Further, at the current stage of the proceedings before an answer has been filed or any discovery conducted, Plaintiff has not shown any particular likelihood of success on the merits.  Finally, the claims in this case are neither legally nor factually complex.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's renewed request for the appointment of counsel, ECF No. 11, is denied.

Dated:  March 8, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE