IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, also known as Raj Singh,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　Defendants. | No. 2:23-CV-0056-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In the one-page first amended complaint, Plaintiff names the following defendants: (1) Scott Jones; (2) Chris Carlson; and (3) Greg Turner. See ECF No. 9. Plaintiff alleges facts in his amended complaint substantially similar to those in his initial complaint but has removed Sacramento County as a defendant and has added Defendant Carlson and Defendant Turner. See ECF Nos. 1 and 9. The initial complaint was dismissed for failure to state a claim. See ECF No. 7.

According to Plaintiff, he was released from the Sacramento County Jail on October 14, 2022, to serve three years of probation. See ECF No. 9. As in the original complaint, Plaintiff alleges the Defendants breached their duty to provide medical services, gate fees, housing, and other financial services upon his release. See id. Plaintiff further claims that Defendants refused to send Plaintiff to his home in Nevada. See id. Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and other relief as deemed appropriate by the Court. See id.

Plaintiff's original complaint was dismissed for failure to state a claim because Plaintiff failed to allege facts linking any of the named defendants to a constitutional violation. See ECF No. 7. The Court advised Plaintiff of the appropriate legal standard requiring a causal connection to be alleged. See id. Despite the Court's guidance, the first amended complaint continues to suffer the same defect. Plaintiff fails to state any claims for relief because he has not set forth specific facts as to each named defendant's causal role in an alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE