IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, also known as Raj Singh,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:23-CV-0056-DAD-DMC-P<br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

In the one-page first amended complaint, Plaintiff names the following defendants: (1) Scott Jones; (2) Chris Carlson; and (3) Greg Turner. See ECF No. 9. Plaintiff alleges facts in his amended complaint substantially similar to those in his initial complaint but has removed Sacramento County as a defendant and has added Defendant Carlson and Defendant Turner. See ECF Nos. 1 and 9. The initial complaint was dismissed for failure to state a claim. See ECF No. 7.

According to Plaintiff, he was released from the Sacramento County Jail on October 14, 2022, to serve three years of probation. See ECF No. 9. As in the original complaint, Plaintiff alleges the Defendants breached their duty to provide medical services, gate fees, housing, and other financial services upon his release. See id. Plaintiff further claims that Defendants refused to send Plaintiff to his home in Nevada. See id. Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, and other relief as deemed appropriate by the Court. See id.

Plaintiff's original complaint was dismissed for failure to state a claim because Plaintiff failed to allege facts linking any of the named defendants to a constitutional violation. See ECF No. 7. The Court advised Plaintiff of the appropriate legal standard requiring a causal connection to be alleged. See id. Despite the Court's guidance, the first amended complaint continues to suffer the same defect. Plaintiff fails to state any claims for relief because he has not set forth specific facts as to each named defendant's causal role in an alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

///

///

On May 16, 2024, the Court issued findings and recommendations that this action be dismissed with prejudice for failure to state a claim. See ECF No. 13. Plaintiff filed objections on June 3, 2024. See ECF No. 14. In his objections, Plaintiff states that he will be retaining private counsel and asks the Court to permit him another opportunity to amend with the assistance of counsel. See id. Good cause appearing therefor, the Court will vacate the May 16, 2024, findings and recommendations and dismiss the first amended complaint with further leave to amend consistent with the principles outlined in the Court's August 15, 2023, initial screening order.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations issued on May 16, 2024, ECF No. 13, are vacated.

2. Plaintiff's first amended complaint, ECF No. 9, is dismissed with leave to amend.

3. Plaintiff shall file a second amended complaint within 60 days of the date of this order.

Dated: July 24, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3